

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julio Rodriquez, #94970-004, ) | Case No 4:17-cv-03490-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Dr. Reid, ) | |
| Jane Doe 1 – nurse, ) | |
| Jane Doe 2 – medical administrator, ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 9) recommending that this court summarily dismiss the complaint in this case without prejudice. For the reasons set forth below, this Court declines to adopt the R. & R. and recommits this matter to the Magistrate Judge for further proceedings.

**I.  Facts**

Plaintiff Julio Rodriquez, a federal prisoner confined at the Federal Correctional Institution in Estill, South Carolina, filed this civil action against Defendants alleging violations of his constitutional rights by federal employees in their individual capacity under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. No. 9 at 3.) Mr. Rodriquez is proceeding *pro se* and *in forma pauperis*. Plaintiff has alleged that all three Defendants were deliberately indifferent to his serious medical needs when they allegedly provided or failed to provide him with care in connection with two hernia operations he received on March 15, 2013 and June 20, 2014. Plaintiff seeks monetary damages.

II.  **Legal Standards**

   A.  ***Pro Se* Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

   B.  **Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

II.  **Discussion**

The Magistrate Judge recommended that this Court *sua sponte* dismiss Plaintiff's *Bivens* claims because he filed them outside the three year statute of limitations. The Magistrate Judge's analysis includes an equitable tolling calculation for the statute of limitations based on the application of various provisions of the Code of Federal Regulations concerning the administrative grievance procedures for prisoners, including a provision which states that an "inmate may consider the absence of a response to be a denial" at the Central Office Level. 28 C.F.R. § 542.18. In this case, the latest day the Magistrate Judge determined Plaintiff could consider the lack of response to his administrative grievance to be a denial was Saturday

November 18, 2017. (Dkt. No. 9 at 6-7.) The Magistrate Judge determined that the statute of limitations began running again on Saturday November 18, 2017, and that Plaintiff's December 12, 2017 filing of this lawsuit was 48-hours outside the three year statute of limitations.

The Court declines to adopt the R. & R. in this instance because whether Plaintiff filed his Complaint outside the statute of limitations is too close of a question to warrant *sua sponte* summary dismissal. The ends of justice will be met by allowing Plaintiff and Defendants the opportunity to fully brief the legal and factual issues concerning whether Plaintiff filed this lawsuit within the statute of limitations and whether Plaintiff has exhausted his administrative remedies.

## III. Conclusion

For the reasons set forth above, this Court declines to adopt the R. & R. (Dkt. No. 9) and recommits this matter to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 9, 2018
Charleston, South Carolina