IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Julio Rodriquez, | ) | Civil Action No. 4:17-3490-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Dr. Edward Reed, M.D.,; Eve Ulmer, R.N.; V. Eneje, MLP; | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 62) recommending that Plaintiff's claim be dismissed. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's claim with prejudice.

I. **Background**

Plaintiff Julio Rodriquez is an incarcerated person at the Federal Correctional Institution ("FCI") in Estill, South Carolina. He brings this action *pro se* to allege that FCI employees violated his constitutional rights under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court previously declined to *sua sponte* dismiss Plaintiff's claim as untimely to allow the parties an opportunity to fully brief the legal and factual issues. (Dkt. No. 14.) Defendants then moved to dismiss the claim under Rule 12 or Rule 56. (Dkt. No. 49.) Plaintiff filed neither a response in opposition nor objections to the R & R.

II. **Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Magistrate Judge addressed the issues and correctly concluded that this case may be dismissed pursuant to Rule 41. After Defendants moved to dismiss, the Magistrate Judge issued a *Roseboro* Order notifying Plaintiff of the motion and advising him of the risk of dismissal if he failed to oppose. (Dkt. No. 50.) Plaintiff was granted two extensions (Dkt. Nos. 55, 59) and did not file a response by February 4, 2019. This lack of response indicates Plaintiff's intent not to continue prosecuting his claim and, therefore, subjects the case to *sua sponte* dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

Plaintiff's claim, given an appropriately liberal construction afforded to *pro se* litigants, is also subject to dismissal on the merits. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by delaying to schedule two hernia operations by four months and twelve months and by failing to provide adequate post-operation care. (Dkt. No. 1 at

4-5.) Defendants move for dismissal on the basis that Plaintiff failed to exhaust the available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and submit the declaration of Amy J. Williams, Legal Assistant at the Federal Bureau of Prisons ("BOP"). (Dkt. No. 49-1.) Williams describes the BOP administrative grievance process and declares that on her review of Plaintiff's prison record, he failed to exhaust the process, including by initiating the process in 2017 for incidents alleged to have happened in 2012, 2013 and 2014. Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Once the movant has made this threshold showing, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With no response in opposition, Plaintiff makes no such showing and Defendants are entitled to summary judgment.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 62) as the Order of the Court, **GRANTS** Defendants' motion for summary judgment (Dkt. No. 49) and **DISMISSES WITH PREJUDICE** Plaintiff's claim.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 11, 2019
Charleston, South Carolina