# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Julio Rodriquez, | Civil Action No. 4:17-3490-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Dr. Edward Reed, M.D.,; Eve Ulmer, R.N.; V. Eneje, MLP; | |
| Defendants. | |

Before the Court is Mr. Rodriquez's motion to reconsider. (Dkt. No. 77.) For the reasons set forth below, the motion is denied.

**I.  Background**

Mr. Rodriquez is a *pro se* incarcerated person at the Federal Correctional Institution ("FCI") in Estill, South Carolina. Mr. Rodriquez initiated an action alleging that FCI employees violated his constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court previously declined to *sua sponte* dismiss Mr. Rodriquez's claim as untimely (Dkt. No. 14) and, after briefing of the issues on the merits, Defendants moved to dismiss the claim on summary judgment (Dkt. No. 49). Mr. Rodriquez filed neither a response in opposition to the motion nor objections to the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 62) that Defendants' motion be granted and his claim be dismissed for failure to prosecute. The Court entered an order adopting the R & R, which the Court then vacated in order to grant Mr. Rodriquez's request for an extension of time to file any objections by April 1, 2019 (Dkt. No. 70). Mr. Rodriquez made no objections to the R & R by that deadline, and three days later the Court adopted the R & R as the order of the Court to dismiss the complaint under Rule 41 of the Federal Rules of Civil Procedure and on the

merits of Defendants' motion for summary judgment. (Dkt. No. 73.) Mr. Rodriquez now moves the Court to reconsider.

## II. Legal Standard

Rule 59 of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within twenty-eight days. Fed. R. Civ. P. 59(e). The Court may grant a motion for reconsideration only in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* A Rule 59 motion tests whether the Court's initial Order was "factually supported and legally justified." *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Therefore, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." *Harwley v. Comm'r of Soc. Sec. Admin.*, 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. Accordingly, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

## III. Discussion

The Court carefully reviewed the argument raised in Mr. Rodriquez's timely motion and finds it is without merit to warrant reconsideration under Rule 59. Specifically, Mr. Rodriquez challenges the Court's finding that he failed to object to the R & R because he in fact mailed

objections on March 29, 2019.[1] Mr. Rodriquez supplies his purported objections (Dkt. No. 77-1), which the Court has reviewed and finds do not impugn the factual support and legal justification of its prior holding.

The Magistrate Judge recommended, and the Court found, that Mr. Rodriquez's claim was subject to dismissal under Rule 41 and on the merits. Relevant to the dismissal under Rule 41, Mr. Rodriquez contends that the Magistrate Judge mislead the Court by characterizing him as recalcitrant when he has requested, but Defendants have failed to provide him with, documents under the Freedom of Information Act. (Dkt. No. 77-1 at 2.) Rule 41 provides for dismissal for failure to prosecute or to comply with a Court order, and the R & R recommended dismissal for failing to file a response in opposition to Defendants' motion to dismiss after being granted two extensions and in light of the *Roseboro* Order. The Court finds that the legal justification for its order adopting this recommendation is not diminished under Rule 59 by Mr. Rodriquez's objection.

Relevant to dismissal on the merits of Defendants' motion for summary judgment, Mr. Rodriquez contends in part that he did exhaust his administrative remedies, albeit untimely, and that a reasonable fact finder could conclude that prison administrative remedies were not available to him, excusing his failure to exhaust. (Dkt. No. 77-1 at 3.) The R & R found that the events of alleged deliberate indifference and medical care delay occurred in 2012, 2013 and 2014, but that Mr. Rodriquez did not initiate the administrative remedy process until 2017. Mr. Rodriquez's purported objections to the R & R do not warrant reconsideration of dismissal of his claim on the merits for newly discovered evidence or to prevent a manifest injustice.

---

[1] There is no record that Mr. Rodriquez's March 29, 2019 mailing was received by the Court. Nonetheless, to again afford this *pro se* litigant the benefit of a review on the merits, the Court has considered the purported objections in light of both the R & R and the Rule 59 standard.

For these reasons, Mr. Rodriquez has not demonstrated to the Rule 59 standard that the Court should reconsider dismissing his claim under Rule 41 and on the merits of Defendants' motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, Mr. Rodriquez's motion to reconsider (Dkt. No. 77) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 2?, 2019
Charleston, South Carolina